## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MANUEL CAMPOS-CRUZ,

Defendant.

**MEMORANDUM OF LAW & ORDER**
Criminal Nos. 20-15(1)(1) (MJD); 20-83(2) (MJD)

LeeAnn K. Bell, Assistant United States Attorney, Counsel for Plaintiff.
Manuel Campos-Cruz, pro se.

## I.    INTRODUCTION

This matter is before the Court on Defendant's Pro Se Motions for a Nunc

Pro Tunc Designation (Doc. 177 in 20-cr-15(1); Doc. 254 in 20-cr-83(2)) and

Motion for a Sentence Reduction Pursuant to Amendment 821 (Doc. 176 in 20-cr-

15(1)).  At all times, the Court is mindful that a document filed pro se is "to be

liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (cleaned up)

(citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)); Mungai v. Univ. of Minnesota,

141 F.4th 959, 963 (8th Cir. 2025) (noting that while pro se claims must be

liberally construed, they still "must contain sufficient facts supporting the claims") (citation omitted).

## II.   DISCUSSION

### A.   Defendant's Motions for a Nunc Pro Tunc Designation

Defendant first requests a nunc pro tunc designation "concerning the date in which his Federal time started."  (Doc. 177 at 1 in 20-cr-15(1); Doc. 254 at 1 in 20-cr-83(2).)  Defendant asserts he is not receiving credit for time he spent in pretrial detention that should have been credited to his federal sentence.

Defendant was arrested on January 8, 2020.  (PSR at F.1.)  He had absconded from state supervised release in October 2019 and he was detained and returned to the Minnesota Department of Corrections related to two prior state convictions (Second Degree Drug Possession and Possess Firearm After Conviction, Docket Nos.: 27-CR-15-33212 and 27-CR-17-15612).  Defendant's appearance in federal court on January 24, 2020, was via writ.  (Doc. 9 in 20-cr-15(1); see also PSR at F.1 (noting that "[t]ime in custody of the U.S. Marshal pursuant to a federal writ of habeas corpus ad prosequendum from state custody is not federal custody in connection with the federal offense").) Defendant was charged in two federal dockets with conspiracy to distribute methamphetamine and on October 23, 2020, pled guilty to charges in both dockets.

On July 23, 2021, Defendant was sentenced in both cases.  Records from the Minnesota Department of Corrections ("DOC") indicate that the Defendant was "released to supervised release" on July 26, 2021, although he remained detained due to the detention order in the federal cases.  And, while Defendant's behavior in his federal cases triggered his state supervised release violations, his custody from January 24, 2020 to July 26, 2021, the day of his release from the DOC was for his prior state sentences for second degree drug possession and possess firearm after conviction.  This time cannot also be credited against his federal sentence.  18 U.S.C. § 3585(b).

The Court noted this at sentencing, stating that Defendant was under a DOC sentence at that time, that Defendant was appearing in federal court via a writ, and that it was the Court's  understanding that the time that Defendant had been in custody since his arrest in January 2020 was being credited towards his state sentence.  The Court explained that any sentence the Court imposed that day would essentially begin that day and that Defendant would not receive credit for the time he had been in custody so far.  Defendant and his Counsel indicated that they understood Defendant's sentence and Defense Counsel stated that he thought the Court's representation of the situation was accurate.

3

Thus, the BOP has correctly determined Defendant's custody credit in accordance with 18 U.S.C. § 2585(b).  Defendant's motions will be denied.

### B.      Defendant's Motion For Sentence Reduction Pursuant to Amendment 821

Defendant states that he is entitled to a sentence reduction in Case No. 20-cr-15(1) because "he was under a federal justice sentence at the time of his arrest, and that the Probation office used this to enhance his sentence, and as such, Cruz prays that this court grants this motion and resentence[s] him accordingly." (Doc. 176 at 2 in 20-cr-15(1).)  Because this motion relies on the same misunderstanding as the motions discussed above, this motion will also be denied.

## III.   ORDER

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1.      Defendant's Pro Se Motion for a Nunc Pro Tunc Designation **[Doc. 177 in Case No. 20-cr-15(1)]** is **DENIED**;

2.      Defendant's Pro Se Motion for a Nunc Pro Tunc Designation **[Doc. 254 in Case No. 20-cr-83(2)**] is **DENIED**; and

4

3.      Defendant's Motion for a Sentence Reduction Pursuant to
        Amendment 821 **[Doc. 176 in Case No. 20-cr-15(1)]** is **DENIED**.


Date:  May 7, 2026                                   s/Michael J. Davis
                                                     Michael J. Davis
                                                     United States District Court